AO 91 (Rev. 11/11)  Criminal Complaint (approved by AUSA Emily McKillip)                                19-072

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Pennsylvania

| | |
|---|---|
| United States of America<br>v.<br>Ivan Durasevic<br>and Fonofaavae Tiasaga<br><br>_____<br>*Defendant(s)* | )<br>)<br>)  Case No.  19-1063M<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ June 17, 2019 _____ in the county of _____ Philadelphia _____ in the

_____ Eastern _____ District of _____ Pennsylvania _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 46 U.S.C. 70503(a)(1), 70506(b) | On or about June 17, 2019, in the Eastern District of Pennsylvania and elsewhere, Ivan Durasevic and Fonofaavae Tiasaga knowingly and intentionally conspired with each other and with persons known and unknown to possess a controlled substance, that is, more than five kilograms of a mixture or substance containing cocaine, on board a vessel subject to the jurisdiction of the United States, that is, the MSC Gayane, in violation of Title 46, United States Code, sections 70503(a)(1) and 70506(b). |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Eric Mooney, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  6/18/19

_____
*Judge's signature*

City and state:  _____ Philadelphia, Pennsylvania _____

Honorable Elizabeth T. Hey, U.S. Magistrate Judge
*Printed name and title*

19-1063 M

# AFFIDAVIT

I, Eric Mooney ("Your Affiant"), depose and state as follows:

Affiant's Expertise:

1. I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI"), and have been so employed for ten (10) years. I am currently assigned to the Special Agent in Charge Office, Philadelphia, Pennsylvania. During this time, I have been involved in investigations and apprehension of persons involved in the trafficking of narcotics and the proceeds from narcotics.

2. I have received courses of instruction from the Immigration and Customs Enforcement Academy relative to investigative procedures, criminal law, rules of evidence and Federal procedures. I have conducted and participated in criminal investigations, which have resulted in the seizure of contraband and documents. As a result of these investigations and my training, I am familiar with the methods commonly used by drug traffickers and drug trafficking organizations related to the distribution, transportation, and facilitation of illegal narcotics. I have effected arrests and have obtained indictments and convictions of violators. I have also conducted and participated in numerous searches, pursuant to consents as well as warrants, for drugs and other criminal offenses. As an HSI Special Agent, I have received extensive training in the investigation of violations of federal law, including Immigration and Naturalization (Title 8, United States Code), the Money Laundering and Control Act, the Racketeer Influenced and Corrupt Organization Act (Title 18, United States Codes), the U.S. Customs Code (Title 19, United States Code), and the Controlled Substances Import/Export Control Act (Title 21, United States Code). I have prepared and assisted other law enforcement agencies and Assistant United States Attorneys in the preparation of affidavits for complaints and warrants as well as search warrants.

3. This Affidavit is being submitted in support of an application for arrest warrants for IVAN DURASEVIC and FONOFAAVAE TIASAGA. Based on the information obtained during this investigation and detailed below, there is probable cause to believe that DURASEVIC and TIASAGA violated 46 U.S.C. § 70506(b) on or about June 17, 2019, while onboard a vessel subject to United States jurisdiction, by knowingly and intentionally conspiring to possess with intent to distribute approximately 16.5 tons of cocaine, a Schedule II controlled substance.

4. The information in this Affidavit is based on my personal knowledge and from interviews of and discussions with other law enforcement personnel. Since this Affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not set forth every fact I have learned from the investigation.

5. On June 17, 2019, agents and officers from Homeland Security Investigations (HSI), Customs and Border Protection (CBP), United States Coast Guard, Pennsylvania State Police, Delaware State Police, Philadelphia Police Department, and others, conducted an enforcement boarding of the Motor Vessel (M/V) MSC Gayane, at Packer Marine Terminal in Philadelphia,

PA. The MSC Gayane arrived in Philadelphia on the morning of June 17, 2019 from Freeport, Bahamas, laden with commercial cargo, destined for the United States and elsewhere, as the next port of call for the vessel is Rotterdam, Netherlands.

6. Upon searching the vessel, agents and officers discovered and ultimately seized approximately 16.5 tons of cocaine concealed within seven (7) separate shipping containers.

7. United States Coast Guard personnel performed swabs of crewmembers' arms and hands. The swabs were then analyzed by an ion scan device, which is used to detect the presence of trace amounts of narcotics on objects. Analysis of a swab conducted on Ivan DURASEVIC's arms and hands indicated the presence of cocaine.

8. While conducting routine interviews of all crewmembers individually, agents spoke with DURASEVIC, the ship's second mate, who admitted to his role in bringing the cocaine onboard the vessel. According to DURASEVIC, upon leaving Peru on this current voyage, he (DURASEVIC) got a call from the Chief Officer to come down to the deck, at which time he saw nets on the port side stern by the ship's crane. DURASEVIC and approximately four other individuals, some of whom were wearing ski masks, assisted in the pushing of the nets towards Hold Seven (7) or Eight (8) of the vessel. The nets contained blue or black bags with handles. Two or three other crewmembers assisted in loading the cocaine into containers. The whole process took approximately thirty to forty minutes. DURASEVIC stated that he knew the bags contained drugs, but he was unaware of what type. DURASEVIC stated that for his part, he was to be paid approximately $50,000 USC by the Chief Officer. DURASEVIC identified TIASAGA as one of the crewmembers who assisted in loading the cocaine.

9. During the course of interviewing each individual crewmember, agents spoke with TIASAGA, an Able Seaman, who admitted to his role in bringing the cocaine onboard the vessel and helping to conceal it within legitimate cargo.

10. According to TIASAGA, on a previous voyage, the ship's Second Mate, Ivan DURASEVIC, approached him and asked him to help with a job, which proved to be assisting DURASEVIC to load large quantities of cocaine onboard the vessel. For his assistance on the previous voyage, TIASAGA was paid approximately 50,000 Euros by DURASEVIC. On this current voyage, DURASEVIC approached TIASAGA again, and asked him to help with a job. Prior to departing on the voyage, the ship's Electrician and the Chief Mate also approached TIASAGA and asked if he was willing to help again. TIASAGA knew that this meant helping to bring drugs onboard the vessel. It was originally agreed that he would be paid $50,000 each, from the Chief Mate, Second Mate, Electrician, and the Engineer Cadet. According to TIASAGA, each of these four (4) crewmembers coordinated individual loads of cocaine.

11. TIASAGA stated that on the present voyage, as the vessel proceeded southbound between Panama and Coronel, the MSC Gayane was approached by six (6) separate boats during the night. The Second Mate (DURASEVIC) operated the crane to bring on numerous bales of cocaine that were wrapped in netting. Along with the bales of cocaine were replacement seals, which would be utilized on the containers in which the cocaine was concealed. TIASAGA

assisted in bringing the nets onboard and moving them to Bay 7 of the vessel, and then into containers on deck.

12. Subsequently, as the vessel proceeded northbound between Coronel, Peru and Panama, the MSC Gayane was approached by eight (8) boats, at which time additional cocaine was loaded upon the vessel. Again, the seals were included with the drugs. All of the drugs, including what had previously been loaded onto the vessel, were taken below deck and concealed within containers. TIASAGA stated that his role was to assist in moving the cocaine to the below deck containers.

## CONCLUSION

13. Based on the above facts and circumstances, there is probable cause to believe that IVAN DURASEVIC and FONOFAAVAE TIASAGA violated 46 U.S.C. § 70506(b) on or about June 17, 2019, by knowingly and intentionally conspiring to possess with intent to distribute approximately 16.5 tons (33,000 pounds) of cocaine, a Schedule II controlled substance, while on a vessel subject to United States jurisdiction.

SPECIAL AGENT ERIC MOONEY
HOMELAND SECURITY INVESTIGATIONS

Sworn to before me this
_____ day of June, 2019

BY THE COURT:

HONORABLE ELIZABETH T. HEY
*United States Magistrate Judge*